UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAHUAN ROBINSON,

    Plaintiff,

v.

SHANE JACKSON,

    Defendant.

                                /

Case No. 2:17-cv-12215

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS [1]
## AND DENYING CERTIFICATE OF APPEALABILITY

On July 6, 2017, Petitioner Trahuan Robinson filed a petition for a writ of habeas corpus. Petitioner challenges his convictions for two counts of assault with intent to commit murder, one count of assault with intent to do great bodily harm less than murder, one count of first-degree home invasion, one count of felon in possession of a firearm, one count of injuring an animal, and one count of possession of a firearm during the commission of a felony. ECF 9-39, PgID 1891. Petitioner raises two claims: (1) he was denied his right to a fair trial because the trial court improperly denied his request for self-defense and defense-of-others instructions; and (2) the trial court improperly allowed the prosecution to amend the information after the prosecution rested. The Court will address each claim below.

### BACKGROUND

Petitioner's convictions arise from a dispute over a lost cell phone. On October 29, 2012, Petitioner's niece, Emily Hickey, attended a party at Blakeley Williams's

1

home in Flint. *People v. Robinson*, No. 327268, 2016 WL 6992160, at *1 (Mich. Ct. App. Nov. 29, 2016). At some point, Hickey was kicked out, but she thought she left her phone in the home. *Id.* Police were called to the home but were unable to locate the phone. ECF 9-30, PgID 881; ECF 9-31, PgID 1011. The next afternoon, Hickey and her friend, Alanna Hamilton returned to the home with Hickey's father, Jajuan Robinson, and her uncle, Petitioner Trahuan Robinson. ECF 9-30, PgID 883. Jajuan Robinson[1] and Petitioner forced their way into the home and Jajuan Robinson began pistol-whipping Williams. ECF 9-30, PgID 886; ECF 9-31, PgID 1015. Petitioner pursued another man, Nigel Melton, into the kitchen. ECF 9-30, PgID 887–88. Melton released Williams' dog from the basement. ECF 9-31, PgID 1015. The dog bit Petitioner's arm, and Petitioner then shot the dog in the face and fired shots at Williams, Melton, and a third man, Avontez Boone, as they attempted to flee the home. ECF 9-30, PgID 888. Williams and Melton were both shot once. ECF 9-30, PgID 888; ECF 9-31, PgID 1018.

Jajuan Robinson testified at his brother's trial pursuant to a plea agreement. He testified that, when he knocked on the front door of Williams' home, Williams answered the door carrying a gun. ECF 9-36, PgID 1495. Jajuan Robinson tackled Williams, wrestled the gun from him, and hit him with it twice. *Id.* at 1496. He fired his weapon once, but the bullet lodged in the wall. *Id.* at 1497–501. Jajuan Robinson believed that his brother brought a .40 or .45 caliber pistol with him to Williams' house. ECF 9-36, PgID 1534.

---

[1] The Court refers to Jajuan Robinson by his full name to avoid confusion.

The defense presented no witnesses.

Petitioner was tried before a jury in Genesee County Circuit Court and was convicted of two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f, one count of injuring an animal, Mich. Comp. Laws § 750.50b, and one count of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. ECF 9-39, PgID 1891; *People v. Robinson*, No. 327268, 2016 WL 6992160, at *1 (Mich. Ct. App. Nov. 29, 2016). The trial court sentenced Petitioner as a third habitual offender to concurrent terms of 40 to 60 years' for each assault with intent to murder conviction, 114 months' to 20 years' for the assault with intent to do great bodily harm conviction, 14 months' to 15 years' for the injuring an animal conviction, and 2 to 10 years' for the felon-in-possession conviction. *Robinson*, 2016 WL 6992160, at *1. Petitioner was also sentenced to consecutive sentences of 117 months' to 20 years' for the home-invasion conviction, and 2 years' for the felony-firearm conviction. *Id*.

Petitioner appealed to the Michigan Court of Appeals challenging his convictions and sentences. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded the case to the trial court for a sentencing hearing pursuant to *People v. Lockridge*, 498 Mich. 358 (2015). *Robinson*, 2016 WL 6992160, at *5. Petitioner sought leave to appeal in the Michigan Supreme Court, which denied

3

leave. *People v. Robinson*, 500 Mich. 1002 (2017). On remand, the state trial court declined to re-sentence. *People v. Robinson*, No. 13-034247-FC, (Genesee Co. Cir. Ct. July 24, 2018).

Petitioner then filed the pending petition, ECF 1, and raised two grounds: (1) "the trial court erred and [Petitioner] was denied his constitutional right to a fair trial because the trial . . . court refused his request for instructions on self-defense of others;" and (2) "the trial court erred and Petitioner was denied a fair trial because the trial court allowed . . . the prosecutor to amend the Information after the prosecutor rested to change entirely the elements on which the home invasion was based." ECF 1, PgID 5, 7, 15.

## **LEGAL STANDARD**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court unreasonably applies Supreme Court precedent when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). "A state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite to or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

## DISCUSSION

As an initial matter, Respondent argues that the petition should be dismissed or held in abeyance because Petitioner failed to sign the petition as required by 28 U.S.C. § 2242, and Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts. ECF 8, PgID 36. Petitioner corrected the deficiency by filing a signature page on March 20, 2018. ECF 10. Respondent's first argument is therefore moot.

5

I.   Self-Defense and Defense-of-Others Jury Instructions

Petitioner's first claim concerns the trial court's denial of his request for jury instructions on common law self-defense and defense of others. After a lengthy colloquy, the trial court declined to give the requested instructions because they were not supported by the evidence. ECF 9-38, PgID 1796–97. On direct appeal the Michigan Court of Appeals found no error in the trial court's decision. *Robinson*, 2016 WL 6992160, at *3–*4.

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler,* 675 F.3d 564, 569 (6th Cir. 2012) (citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Petitioner is only entitled to habeas relief for a jury instruction claim when the "instruction is so flawed as a matter of state law as to 'infect[] the entire trial' in such a way that the conviction violates due process." *Id*. (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

Petitioner has not shown that the trial court's decision not to give the requested instructions deprived him of due process. To the contrary, the trial court and Michigan Court of Appeals' decisions are amply supported by the evidence presented. Petitioner entered the home while Jajuan Robinson was pistol-whipping Williams. After being bitten by and shooting the dog, there was no apparent remaining threat. And Petitioner shot his victims as they were fleeing. *Robinson*, 2016 WL 6992160, at *3. There is no evidence that, after Jajuan Robinson wrestled the gun from Williams, anyone other than Jajuan Robinson and Petitioner possessed guns. Given the

6

evidence, the state courts decision not to give a self-defense or defense-of-others instruction was reasonable.

In sum, Petitioner fails to establish that the jury instructions, taken as a whole, rendered his trial fundamentally unfair. *Estelle*, 502 U.S. at 72 ("It is well established that the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.") (internal quotations and citation omitted). Habeas relief is not warranted on Petitioner's first claim.

## II. Amending the Information

In his second claim, Petitioner argues he was denied fair notice of the charges against him when the trial court permitted an amendment to the first-degree home invasion charge after the prosecution rested. ECF 1, PgID 7, 15. The Sixth Amendment guarantees a criminal defendant a right to be clearly informed of the nature and cause of the charges against him in order that he may prepare a defense. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948). "'The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense.'" *Olsen v. McFaul*, 843 F.2d 918, 930 (6th Cir. 1988) (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)). A complaint or indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

Petitioner was charged with first-degree home invasion under Mich. Comp. Laws § 750.110a(2). First-degree home invasion may be established by showing that a perpetrator "breaks and enters a dwelling" or "enters a dwelling without permission." Mich. Comp. Laws § 750.110a(2). The original information referenced only the breaking and entering component of first-degree home invasion. After the prosecution rested, defense counsel moved for a directed verdict on the home invasion charge. The prosecutor then realized that the information mistakenly did not include the "without permission" language, so she moved to amend the information to conform to the evidence admitted at trial. The trial court permitted the amendment because the amendment would not prejudice Petitioner. ECF 9-38, PgID 1775–81.

On appeal, the Michigan Court of Appeals found that an information can be "'amended at any time before, during, or after trial to cure any defect, imperfection, or omission in form or substance, including a variance between the information and the proofs, as long as the accused is not prejudiced by the amendment and the amendment does not charge a new crime.'" *Robinson*, 2016 WL 6992160, at *5 (quoting *People v. Higuera*, 244 Mich. App. 429, 444 (2001)). The Michigan Court of Appeals found Petitioner was not prejudiced, was not charged with a new crime, and did not "assert or even suggest that he would have been able to elicit testimony showing that [Petitioner] had permission to enter the home." *Id*. Additionally, the Michigan Court of Appeals found that Petitioner could not "complain of being prejudiced when there [was] nothing in the record indicating that the court would not have allowed defendant to explore the issue of permission by calling or recalling

witnesses; defendant opted to end the testimony portion of the trial after the court" permitted the information's amendment. *Id.*

Petitioner does not identify how the appellate court's resolution of the issue is contrary to or inconsistent with clearly established federal law. Petitioner offers no insight into how his defense was prejudiced. He cites only defense counsel's argument that counsel asked each witness whether the door was open when Petitioner entered the home, under the belief that Petitioner was charged only with home invasion by breaking and entering. Petitioner does not, however, show how this prejudiced the defense or allege how counsel would have proceeded differently if the original information included the "without permission" language. His argument falls short of showing that the Michigan Court of Appeals' decision denying this claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 102–03 (internal quotation omitted). The amendment to the information did not impede Petitioner's ability to prepare a defense. Habeas relief is therefore not warranted.

III. <u>Certificate of Appealability</u>

Petitioner must obtain a certificate of appealability to appeal the Court's decision. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate the denial of a constitutional right, Petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that

9

the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

Here, jurists of reason would not debate the Court's denial of these claims. The Court therefore denies a certificate of appealability.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: October 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2019, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager